# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br>6218 Georgia Avenue, NW, Ste. 1-1235<br>Washington, DC 20011-5125,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION<br>  AGENCY<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC  20460,<br><br>    Defendant. | Civil Action No. 24-1730 |

## FIRST AMENDED COMPLAINT

Plaintiff Functional Government Initiative ("FGI") brings this action against Defendant U.S. Environmental Protection Agency ("EPA") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff FGI is nonprofit corporation, exempt from federal income taxes under section 501(c)(3) of the U.S. Internal Revenue Code.  FGI is dedicated to improving the

1

American public's access to information about the officials, decisions, actions, and priorities of their government.

4. Defendant EPA is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 1200 Pennsylvania Avenue, N.W., Washington, DC 20460.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. FGI routinely submits FOIA requests, and this matter concerns four FOIA requests submitted to Defendant, to which Defendant has failed to complete its responses.  The requests seek records related to issues and communications under the purview of the agency and would give the public significantly more transparency into the work the agency is doing, particularly the agency's consideration of potential regulations on agriculture, communications with environmental advocacy organizations, and related issues.

6. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to FGI's FOIA requests within 20 working days of each request, but that deadline is extended to no more than 10 working days if there are "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii).

7. Attorney General Merrick Garland stated that the FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government," and that the "'basic purpose … is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the government accountable to the governed.'"  Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* at 1 (Mar. 15, 2022).

8. With regards to FGI's FOIA requests, the statutory deadline has passed, and Defendant has failed to provide a substantive response to the FOIA requests. In fact, as of the date of this Complaint, Defendant has produced no records and has failed to assert any claims that responsive records are exempt from production.

9. Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), FGI is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

**A.    FGI'S FOIA REQUEST FOR RECORDS TO EPA REGION 4 WITH SPECIFIC EXTERNAL RECIPIENTS RELATING SUGAR FARMING.**

10. On February 17, 2023, FGI submitted a FOIA request online to Defendant. *See* Exhibit E. The request sought several items. First, the request sought, "Not limited by search terms, FGI requests all records of the custodian identified below between the following external recipients and all records in which these names are mentioned," and then listed specific individuals associated with the Berman Law Group. Second, the request sought "all records with the following search terms: 'sugar*' or 'agricultur*' with 'burn*' or 'fire*' also in the record." The request sought records from one custodian, Daniel Blackman, and the time period covered by the FOIA request was January 20, 2021, until the date the search begins.

11. In a letter dated February 21, 2023, Defendant acknowledged receipt of the February 17 FOIA request and advised FGI that it had assigned the request tracking number EPA-2023-002460. *See* Exhibit F. In a subsequent email, the tracking number was updated to EPA-R4-2023-002460.

12. In a letter dated April 12, 2023, EPA stated, "After conducting an exhaustive search of the record collections, EPA Region 4 located no records responsive to your request." *See* Exhibit G.

13.     In an email the same day, FGI pointed out that EPA's "letter addresses the first part of [FGI's] request" and inquired whether the "response also applies to part 2." *See* Exhibit H.

14.     On April 17, 2023, FGI and EPA discussed the need for an additional search. In an email dated April 18, 2023, EPA confirmed that another search would be conducted. On September 29, 2023, FGI answered a question about the search. *See* Exhibit I. No further communication has been received since.

15.     As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

**B.     FGI'S FOIA REQUEST TO REGION 4 FOR RECORDS RELATING TO COMMUNICATIONS WITH CERTAIN EXTERNAL ORGANIZATIONS.**

16.     On September 29, 2023, FGI submitted a FOIA request online to Defendant. *See* Exhibit J. The FOIA request sought communications between specified custodians in EPA Region 4 and certain external organizations as well as records in which the listed groups were mentioned. The time period covered by the FOIA request was January 20, 2021, until the date the search begins.

17.     In a letter dated October 17, 2023, EPA acknowledged the request and assigned the tracking number 2024-R04-02013 and granted FGI's request for a fee waiver. *See* Exhibit K.

18.     As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

**C.     FGI'S FOIA REQUEST TO REGION 4 FOR RECORDS RELATING TO A CIVIL RIGHTS COMPLAINT.**

19.     On November 3, 2023, FGI submitted a FOIA request online to Defendant. *See* Exhibit L. The FOIA request sought records related to "discriminatory effects of sugarcane (or

4

sugar) field burning," "'Title VI' or 'the Civil Rights Act,'" and "the Sierra Club's complaint sent on August 25, 2023" from a list of custodians in EPA Region 4. The time period of the request March 1, 2023, until the date the search beings.

20. On November 6, 2023, EPA acknowledged the request, assigned it the tracking number 2024-EPA-02594, and granted FGI's request for a fee waiver. *See* Exhibit M.

21. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

**D.   FGI'S FOIA REQUEST TO EPA HEADQUARTERS FOR RECORDS RELATING TO A CIVIL RIGHTS COMPLAINT.**

22. On November 3, 2023, FGI submitted a FOIA request online to Defendant. *See* Exhibit N. The FOIA request sought records related to "discriminatory effects of sugarcane (or sugar) field burning," "'Title VI' or 'the Civil Rights Act,'" and "the Sierra Club's complaint sent on August 25, 2023" from a list of custodians in offices at EPA headquarters. The time period of the request March 1, 2023, until the date the search beings.

23. EPA acknowledged the request on November 7, 2023, and assigned it the tracking number 2024-EPA-02591. *See* Exhibit O. On November 9, 2023, EPA granted FGI's request for a fee waiver.

24. On November 9, 2023, EPA's Office of External Civil Rights Compliance sent a letter that requested a discussion about the request, providing a link to publicly available documents (the complaint that is the subject of the FOIA request) and stating, among other points, "Based on the request as written, the estimated date of completion is July 30, 2024. We will update this estimate once you provide additional information about your request." *See* Exhibit P. On November 16, 2023, EPA and FGI discussed the request via Teams, and FGI

agreed to clarify and narrow some aspects of the request, which it did on December 11, 2023. *See* Exhibit Q.

25. As of the date of this Complaint, Defendant has failed to produce any responsive records (other than sending a link to the EPA's website where the same complaint subject to the FOIA request was posted), nor has it asserted any claims that responsive records are exempt from production.

## CAUSE OF ACTION
**(Violation of FOIA, 5 U.S.C. § 552)**

26. Plaintiff realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant has failed to make a determination regarding FGI's four FOIA requests for records within the statutory time limit and is unlawfully withholding records requested by FGI pursuant to 5 U.S.C. § 552.

28. FGI is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and FGI will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Functional Government Initiative requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

   a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to FGI's FOIA requests and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to FGI's requests;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to FGI's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to FGI's FOIA requests;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

Dated: August 21, 2024

   */s/ Jeremiah L. Morgan*
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
jmorgan@lawandfreedom.com

*Counsel for Plaintiff*
FUNCTIONAL GOVERNMENT INITIATIVE