UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>        Defendant. | Civil Action No. 24-1730 (TSC) |

## ANSWER

Defendant U.S. Environmental Protection Agency ("Agency"), by and through counsel, hereby responds to the separately numbered paragraphs and prayer for relief, using Plaintiff's headings,[1] contained in Plaintiff's First Amended Complaint, filed on August 21, 2024, as follows below. To the extent the First Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Further, any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the First Amended Complaint. Although Defendant believes that responses to headings in the First Amended Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the First Amended Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

The first unnumbered paragraph consists of Plaintiff's characterization of the First Amended Complaint, to which no response is required. To the extent a response is required, Defendant refers the Court to the First Amended Complaint for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

## JURISDICTION AND VENUE

1. Paragraph 1 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction under the Freedom of Information Act, 5 U.S.C. § 552, as limited by the relief available under the Act.

2. Paragraph 2 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant avers that Defendant is not challenging venue in this case.

## PARTIES

3. Paragraph 3 consists of Plaintiff's characterization of itself, to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information and knowledge to admit or deny paragraph 3.

4. The first sentence of paragraph 4 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant admits the first sentence of paragraph 4 to the extent that it is an agency for the purposes of 5 U.S.C. § 552(f) and 5 U.S.C. § 551 and is located at 1200 Pennsylvania Ave, N.W. Washington, DC 20460 and otherwise denies the remaining allegations in the first sentence of paragraph 4. The second sentence of paragraph 4 consists of a conclusion of law, to which no response is required. To the extent a response is required, lacks knowledge or information sufficient to form a belief as to whether it has possession and control of the particular records Plaintiff seeks.

## STATEMENT OF FACTS

5. The first sentence of paragraph 5 consists of Plaintiff's characterization of itself and this action, to which no response is required. To the extent a response is required, Defendant admits the first sentence of paragraph 5 to the extent that this action involves four Freedom of Information Act requests, Defendant lacks sufficient knowledge or information to admit or deny Plaintiff's characterization of itself, and Defendant denies that Defendant has failed to complete its responses to the four requests at issue. The second sentence of paragraph 5 consists of Plaintiff's characterization of its Freedom of Information Act requests, to which no response is required. To the extent a response is required, Defendant refers the Court to the requests for a complete and accurate statement of their contents and otherwise denies any allegations inconsistent therewith.

6. Paragraph 6 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant refers the Court to the statutes cited for a complete and accurate statement of their contents and otherwise denies any allegations inconsistent therewith.

7. Paragraph 7 consists of Plaintiff's characterization of an Attorney General memorandum, to which no response is required. To the extent a response is required, Defendant refers the Court to the memorandum for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

8. Paragraph 8 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 8.

9. Paragraph 9 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. § 552(a)(6)(A) and (C) and otherwise denies any allegations inconsistent therewith.

A.  **FGI'S FOIA REQUEST FOR RECORDS TO EPA REGION 4 WITH SPECIFIC EXTERNAL RECIPIENTS RELATING SUGAR FARMING.**

10. Defendant admits the first sentence of paragraph 10. The second through fourth sentences of paragraph 10 consist of Plaintiff's characterization of its Freedom of Information Act request, to which no response is required. To the extent a response is required, Defendant refers the Court to the request for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

11. The first sentence of paragraph 11 consists of Plaintiff's characterization of a letter sent by Defendant, to which no response is required. To the extent a response is required, Defendant refers the Court to the letter for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith. The second sentence of paragraph 16 consists of Plaintiff's characterization of an electronic mail message sent by Defendant, to which no response is required. To the extent a response is required, Defendant refers the Court to the message for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

12. Paragraph 12 consists of Plaintiff's characterization of a letter sent by Defendant, to which no response is required. To the extent a response is required, Defendant refers the Court to the letter for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

13. Paragraph 13 consists of Plaintiff's characterization of an electronic mail message sent by Plaintiff, to which no response is required. To the extent a response is required, Defendant refers the Court to the message for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

14. Defendant lacks sufficient information or knowledge to admit or deny the first sentence of paragraph 14. The second sentence of paragraph 14 consists of Plaintiff's characterization of an

electronic mail message sent by Defendant, to which no response is required. To the extent a response is required, Defendant refers the Court to the message for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith. The third sentence of paragraph 14 consists of Plaintiff's characterization of an electronic mail message sent by Plaintiff, to which no response is required. To the extent a response is required, Defendant refers the Court to the message for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith. Defendant admits the fourth sentence of paragraph 14.

15. Defendant admits paragraph 15 to the extent that, to date, Defendant has not produced any responsive records or asserted any withholdings in response to request EPA-R4-2023-002460 and otherwise denies that Defendant has unlawfully withheld records responsive to request EPA-R4-2023-002460.

**B.     FGI'S FOIA REQUEST TO REGION 4 FOR RECORDS RELATING TO COMMUNICATIONS WITH CERTAIN EXTERNAL ORGANIZATIONS.**

16. Defendant admits the first sentence of paragraph 16. The second and third sentences of paragraph 16 consist of Plaintiff's characterization of its Freedom of Information Act request, to which no response is required. To the extent a response is required, Defendant refers the Court to the request for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

17. Paragraph 17 consists of Plaintiff's characterization of a letter sent by Defendant, to which no response is required. To the extent a response is required, Defendant refers the Court to the letter for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

18.     Defendant admits paragraph 18 to the extent that, to date, Defendant has not produced any responsive records or asserted any withholdings in response to request 2024-R04-02013 and otherwise denies that Defendant has unlawfully withheld records responsive to the request 2024-R04-02013.

**C.    FGI'S FOIA REQUEST TO REGION 4 FOR RECORDS RELATING TO A CIVIL RIGHTS COMPLAINT.**

19.     Defendant admits the first sentence of paragraph 19.  The second and third sentences of paragraph 19 consist of Plaintiff's characterization of its Freedom of Information Act request, to which no response is required.  To the extent a response is required, Defendant refers the Court to the request for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

20.     Paragraph 20 consists of Plaintiff's characterization of a letter sent by Defendant, to which no response is required.  To the extent a response is required, Defendant refers the Court to the letter for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

21.     Defendant admits paragraph 12 to the extent that, to date, Defendant has not produced any responsive records or asserted any withholdings in response to request 2024-EPA-02594 and otherwise denies that Defendant has unlawfully withheld records responsive to the request 2024-EPA-02594.

**D.    FGI'S FOIA REQUEST TO EPA HEADQUARTERS FOR RECORDS RELATING TO A CIVIL RIGHTS COMPLAINT.**

22.     Defendant admits the first sentence of paragraph 22.  The second and third sentences of paragraph 22 consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is required, Defendant refers the Court to the request for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

23. Paragraph 23 consists of Plaintiff's characterization of a letter sent by Defendant, to which no response is required. To the extent a response is required, Defendant refers the Court to the letter for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

24. The first sentence of paragraph 24 consists of Plaintiff's characterization of a letter sent by Defendant, to which no response is required. To the extent a response is required, Defendant refers the Court to the letter for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith. The second sentence of paragraph 24 consists of Plaintiff's characterization of correspondence exchanged between Plaintiff and Defendant, to which no response is required. To the extent a response is required, Defendant refers the Court to the correspondence for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

25. Defendant admits paragraph 25 to the extent that to date Defendant has not produced any responsive records (other than the publicly available resources cited in its November 9, 2023 letter) or asserted any withholdings in response to request 2024-EPA-02591 and otherwise denies that Defendant has unlawfully withheld records responsive to the request 2024-EPA-02591.

**CAUSE OF ACTION**
**(Violation of FOIA, 5 U.S.C. § 552)**

26. Defendant incorporates its responses to numbered paragraphs 1 through 25 above as if fully alleged herein.

27. Paragraph 27 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 27.

28. Paragraph 28 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 28.

**PRAYER FOR RELIEF**

The second unnumbered paragraph consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

\*     \*     \*

**DEFENSES**

In further response to the First Amended Complaint, Defendant raises the following defenses:

1. The Court lacks subject matter jurisdiction over Plaintiff's FOIA request to the extent it seeks to impose obligations or obtain relief that exceed what is authorized under the Freedom of Information Act. *See* 5 U.S.C. § 552.

2. The Court lacks subject matter jurisdiction over Plaintiff's FOIA request to the extent Plaintiff failed to satisfy prerequisites to bring the First Amended Complaint. *See* 5 U.S.C. § 552.

3. Plaintiff is not entitled to compel the release of records protected from disclosure by any applicable Freedom of Information Act or Privacy Act exemptions or exclusions. *See* 5 U.S.C. §§ 552, 552a.

4. Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records. *See* 5 U.S.C. §§ 552, 552a.

5. Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

6. To the extent the First Amended Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the First Amended Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL

2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

7.  Defendant reserves the right to assert additional defenses in the event any additional defenses would be appropriate because Defendant has insufficient knowledge or information on which to form a belief as to whether it has any additional, as yet unstated, defenses available.

Dated: September 4, 2024
         Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/ Joseph F. Carilli, Jr._____
JOSEPH F. CARILLI, JR.
N.H. Bar No. 15311
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2525

*Counsel for United States of America*